## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DIVISION OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **AKREM AZZAM,** | )( | **Civil Action. No.: 4:17-cv-1242** |
| | )( | |
| *Plaintiff,* | )( | |
| | )( | |
| **V.** | )( | **(JURY TRIAL)** |
| | )( | |
| | )( | |
| **CITY OF HOUSTON, TEXAS; JOHN** | )( | |
| **DOE HOUSTON JAILERS,** *Individually;* | )( | |
| **and LASSWON SHANNON,** *Individually,* | )( | |
| | )( | |
| *Defendants.* )( | | **ORIGINAL COMPLAINT** |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THE COURT:**

**NOW COMES** Plaintiff AKREM AZZAM complaining of the CITY OF HOUSTON, TEXAS; JOHN DOE HOUSTON JAILERS, Individually, and LASSWON SHANNON, Individually; and will show the Court the following:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over Plaintiff's federal claims, under 28 U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1988, and supplemental jurisdiction, under 28 U.S.C. § 1367(a), to hear Plaintiff's state law claims, if any. Venue is proper in this Court, under 28 U.S.C. § 1391(b), because the incident at issue took place in Harris County, Texas within the United States Southern District of Texas.

## PARTIES

2.     Plaintiff Akrem Azzam is a resident of Harris County, Texas.

PLAINTIFF'S ORIGINAL COMPLAINT                                        Page 1

3.      The City of Houston, Texas, is a municipality existing under the laws of the State of Texas and situated mainly in Harris County, Texas in the U.S. Southern District of Texas and can be served with process by serving the City of Houston Secretary at 901 Bagby, Houston, TX 77012.

4.      Defendant Lasswon Shannon is sued in his individual capacity and can be served with process at 61 Reisner, Houston, TX 77002 or wherever he is found.

5.      Defendant John Doe Houston Jailers are those as yet unidentified Houston jailers who failed to intervene to stop the beating and/or committed excessive force and are sued in their individual capacity and can be served with process at 61 Reisner, Houston, TX 77002 or wherever they are found.

## INTRODUCTION

6.      Houston jailer Lasswon Shannon was caught on video repeatedly striking a handcuffed Akrem Azzam in the head and face and slamming him onto the filthy concrete jail cell floor. **Exhibit 1**[1], video; also see newscast @ *http://abc13.com/news/video-jailer-attacks-handcuffed-mentally-ill-inmate/1150342/* On December 14, 2015 Jailer Shannon plead guilty to assault causing bodily injury in a Harris County court, sentenced to jail time and put on community supervision. **Exhibit 2**. There is long history of unjustified excessive force at the City of Houston jail and a failure to discipline and failure to retain unadulterated videos and properly train. Just prior to Mr Azzam's severe beating there was an excessive force incident investigated by Houston police Internal Affairs Department involving inmate Reuben Williams.[2] See        *http://www.nydailynews.com/news/crime/houston-police-officer-excessive-force-inmate-*

---

[1] Exhibit 1 is a video so it is hand delivered to the court clerk.
[2] *Williams v. City of Houston, et al.;* Civil Action No.: 4:16-cv-3342, Hon. Lee H. Rosenthal

*lawsuit-article-1.2872710.*

## ADDITIONAL FACTS

7.     Akrem Azzam was arrested May 22, 2015 by a Houston police officer and brought to Ben Taub Hospital for psychiatric issues. When Mr. Azzam was released from Ben Taub Hospital he was taken to the downtown Houston jail at 61 Reisner, Houston, Texas.

8.     After arriving at the jail Mr. Azzam was lead in handcuffs by Jailer Shannon to a holding cell. Jailer Shannon assaulted Mr. Azzam several times including once in the holding cell where he repeatedly struck the handcuffed Mr. Azzam in the head, face, and body and slammed Mr. Azzam onto the filthy concrete floor. **Exhibit 1, video.** Other jailers are present but do not intervene even though there is time to intervene. Afterwards the other jailers do not report Jailer Shannon for excessive force. Jailer Shannon plead guilty to assault causing bodily injury in a Harris County court, sentenced to jail time and put on community supervision. **Exhibit 2**.

9.     Mr. Azzam suffered at least great pain as well as anxiety, fear, depression, sadness, and anger.

10.     There have been many instances of obvious excessive force at the Houston jails which have been investigated by the City of Houston Police Internal Affairs Department ("IAD") and there has been no discipline or retraining. The City does not train or discipline officers to properly recognize symptoms of illness such that individual are not arrested for public intoxication.

11.     Both Charles Chukwu in 2008 and Trenton Garrett in 2009 were severely beaten at a Houston jail by City of Houston employees without valid reason and despite, in both cases,

there being a video of the incident clearly showing excessive force no City of Houston employee was disciplined in the matter even though IAD investigations were performed in both cases.

12.     There have been many instances of obvious excessive force at the Houston jails which have been investigated by the City of Houston Police Internal Affairs Department ("IAD") and there has been no discipline or retraining. The City does not train or discipline officers to properly recognize symptoms of illness such that individual are not arrested for public intoxication.

13.     November 18, 2014 HPD Officer S. Corral is caught on video smashing a hand-cuffed arrestee Reuben Williams' head into an iron jail cell door. Then Officer Corral applies a neck nerve hold on a non-resisting Rueben until he passes out whilst bleeding profusely. To cover-up his crime Officer Corral falsely charges Reuben Williams with felony harassment of a public servant for spitting on him but then, quite strangely, fails to collect the important DNA-rich saliva evidence. HPD Internal affairs reviewed the video and yet no discipline was meted out as smashing a handcuffed prisoner's head into an iron door jamb is allowable under the City of Houston jail practices.

14.     Over the last 13 years there has been over 250 instances of Houston Police Department wounding and killing individuals by firearms yet there has been no discipline or finding of any misconduct by the shooting officers despite many instances of clear excessive force.

15.     Houston Chief of Police McClelland and past Chiefs of Police and staff back to at least January 1, 2000 were aware of the many instances of excessive force at the jail and elsewhere that were unjustified but have not retrained or disciplined officers such that excessive force remains a custom and practice at the Houston City jails and elsewhere.

PLAINTIFF'S ORIGINAL COMPLAINT                                                          Page 4

16.     Some of these instances include (all caught on video, reviewed by supervisors and

no or inadequate discipline or retraining meted out):

1.      July 21, 2000 - Wanda Brent; During pat down in the jail was taken to the ground with force when there was no need. Many HPD officers were involved.

2.      February 17, 2007 - Steven Mikeasley is handled in hallway, pushed up against wall. Period of time off camera, then back in view hogtied.

3.      June 5, 2007 or March 5, 1997 - Brian Golott. Brought into the jail intake are forcefully without reason. Put on gurney and taken to isolation. City blacks out center of a video recording out so can't see what's going on. At least 3 HPD officers involved.

4.      September 23, 2007 Inmate taken down without reason with many HPD officers involved.

5.      November 19, 2007 - Hasan Matthews was suddenly taken down by 3 officers and handcuffed in initial jail booking area.

6.      January 27, 2008 - Samuel Smith was talking on the phone in the jail holding cell when 2 officers enter, take him down and lead out without reason.

7.      April 4, 2008 - Alexandra Koch (sp.?) was laying on floor in isolation, 6 HPD officers or jailers come in, wrestle with her and take her out of room and out of camera visual. She's on the ground and the officers walk away. It appears that a few come and check on her and she's taken out of the police department and put in an ambulance.

8.      May 26, 2008 - Kenneth Cert (sp.?) suddenly on the ground on other side of jail hall with one officer or jailer. Video excises 30 seconds until next frame and Kenneth is standing up on the initial side of the hall.

9.      June 5, 2008 - Nakia Stark (sp.?) something happens at the jail inateke windows and she's taken to isolation. She hits the walls and is in isolation for about 10 minutes before they take her out and take photos. She then leaves space.

10.     June 21, 2008 - Jeffrey Clark man in white shirt taken down and cuffed during booking for no apparent reason.

11.     June 21, 2008 (?) -Man in yellow shirt and red visor is on the phone in holding cell. He walks past the door and sits down. He is grabbed and taken down by 3 officers without reason.

12.     July 26, 2008 - Clyde Jones is taken down in first few jail video frames by officers and punched for no apparent reason.

13.     September 30, 2008 - Furrell Holmes. Officers break up a fight in the jail cafeteria. Officer tackles a guy in sleeping area and video is altered.

14.     October 18, 2008 – inmate taken down on video without reason then 2, 3, then 4 officers punching and kicking him. Taken down the hall and pushed up against the wall.

15.     December 28, 2008 - Three officers carry in guy with a bloody head lifted into the air.

16.     January 17, 2009 - Timothy Peavy was held against a wall when handcuffed and taken down by 5 officers without reason.

17.     April 12, 2009 - Oliver Nicholas was suddenly on ground but video is

altered.

18.      August 23, 2009 - Inmate is cell hall and is hit repeatedly and choked without reason.

19.      October 13, 2009 - C. Whitley. Officer goes after inmate and brings him to the ground. Takes multiple officers to get under control. Force was greater than needed.

20.      December 12, 2009 - Eric Cossie was thrown down by neck. There was no reason as inmate doesn't fight back just puts up hands to protect himself.

21.      February 13, 2010 - David Compean is in booking area, he stands up and is jumped by officers, cuffed and put in isolation. Uncuffed and cooperates through rest of booking.

22.      March 3, 2010 – Inmate Cooper is taken out of cell and put in isolation by dragging. Inmate Cooper then bangs on door and officers come in, take him out of frame and then bring back in. Inmate Cooper is again dragged out of frame and out of video view for over a minute.  Bangs on door and taken out again for a long period of time.

23.      May 3, 2010, David Luke during check-in (long room with windows to take items), attacked, taken down, cuffed and taken to cell. Left in cell for long period of time, still handcuffed.

24.      August 12, 2010 - W. Cotley. Woman officer comes into elevator, yells and hits (pushes him back with a throat hit). He tries to keep her away and she keeps coming at him. Multiple officers hold her back and she continues to try to get to him.

24.      August 15, 2010 – Inmate Harrison Taken down, head hit to ground. Doctor comes and puts a bandage on. Officers use excessive force during cuffing and break his arm. Laying on ground and unable to use right arm. Doctor comes back and puts it in a splint.

25.      March 16, 2011 - Lewis Henderson is checking in his items when officer takes him down and cuffs him for no reason.

26.      April 27, 2011 - Donald Brooks brought in superman style (feet off floor) because made himself limp. Another rough lift by handcuffs behind his back and pushed to sitting position. Dragged by cuffed wrists to cage. As soon as in cage, he stands up and is angry. Officers go to take him out, he resists and is dragged out of frame.

27.      June 24, 2011 - Charles Perez is in hallway, takes a step forward and officer pushes him back, takes him down and 2 more officers assist without reason.

28.      October 24, 2011 - Pedro Barrero in is jail booking area and is thrown down for no apparent reason.


## VIOLATION OF THE 4TH AND 14TH FOURTEENTH AMENDMENTS

17.      Plaintiff incorporates all preceding paragraphs as if set fully set forth herein.

18.      The Fourth Amendments guarantees everyone the right "to be secure in their

persons, houses, papers, and effects, against unreasonable searches and seizures." *U.S. Const. amend. IV*. Such violations are actionable pursuant to 42 U.S.C. Section 1983 and 1988.

19.     The force used by the individually named defendant, was in great excess to the need to use such force and constituted an Unreasonable Seizure of Reuben.

20.     The City of Houston has a custom, policy, practice, and procedure of using excessive force on individuals and not disciplining or training officers adequately and is therefore liable under 42 U.S.C. Section 1983 and 1988. There is a pattern and practice of excessive and condoning excessive force. The City does not have the policies and practices in place or maintain a camera system at its jail such that employees will use excessive force because they know there will be no video proof either because of failure to videotape or destruction of the video.

## ASSAULT AND BATTERY

21.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

22.     The individually named defendant committed assault upon Mr. Azzam and caused the damages described herein.

## MENTAL ANGUISH

23.     Mr. Azzam incorporates all preceding paragraphs as if set fully set forth herein.

24.     Mr. Azzam sustained a head injury, bruising and suffered great physical pain and discomfort and at least anxiety, dizziness, fear, anxiety, memory loss and depression because of the act of the individually named defendants and the City of Houston and, therefore, Mr. Azzam seeks damages for mental anguish past and future as well as the pain and suffering, past and

future, and other damages set forth above.

## PUNITIVE DAMAGES

25.     Mr. Azzam incorporates all preceding paragraphs as if set fully herein.

26.     The individually named defendant's actions and inactions cause him to be liable for punitive damages as they were consciously indifferent to the plaintiff's constitutional rights and he did the acts knowingly, such acts being extreme and outrageous and shocking to the conscious.

## ATTORNEYS' FEES

27.     Mr. Azzam is entitled to recover attorneys' fees and costs to enforce his Constitutional rights and under 42 U.S.C. Sections 1983 and 1988.

## JURY TRIAL

28.     Mr. Azzam requests a trial by jury on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Azzam requests that the Court:

A.     Enter judgment for the plaintiff and against the individual defendants and the City of Houston holding them jointly and severally liable;

B.     Find that Plaintiff is the prevailing party in this case and award attorneys' fees and costs, pursuant to federal law, as noted against all defendants;

C.     Award damages to Plaintiff for the violations of his rights under the Fourth Amendments and under state law;

D.      Award Pre- and post-judgement interest;

E.      Award Punitive damages against each and every individually named defendant, and

F.      Grant such other and further relief as appears reasonable and just, to which plaintiff shows himself entitled.

RESPECTFULLY SUBMITTED,
KALLINEN LAW PLLC

/s/ Randall L. Kallinen
Randall L. Kallinen
State Bar of Texas No. 00790995
Southern District of Texas Bar No.: 19417
511 Broadway Street
Houston, Texas 77012
Telephone:     713.320.3785
FAX:           713.893.6737
E-mail:AttorneyKallinen@aol.com
Attorney for Plaintiff